IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIAN C. SMITH,

       Plaintiff,                    No. CIV S-02-0694 DFL JFM PS

   vs.

STATE OF CALIFORNIA, et al.,     <u>ORDER AND</u>

       Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's sixth motion to dismiss or motion for more definite statement came on regularly for hearing July 14, 2005. Plaintiff appeared in propria person. Tamara M. Colson, Deputy Attorney General, appeared for defendants. Upon review of the motion and the documents in support, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In their motion to dismiss defendants persuasively point out the deficiencies of plaintiff's fifth amended complaint. Many of plaintiff's claims are vague and conclusory: "From April 1, 1988 through the present, the Defendants (all) mentioned herein, have a duty to protect the Plaintiff from intentional, subtle and discrete acts that have the potential to harm the Plaintiff." (Fifth Amended Complaint, at 12-13.) "That the Defendants failed to participate in lawful and legal association with the Plaintiff even though the Plaintiff made a demand on the [1]Defendants to

---

[1]This case has the undersigned in a quandary. Plaintiff has repeatedly filed long and vague complaints which have had to be dismissed. Her usual response to motions to dismiss has

1

do so." (Id.) "[A]s an employee each were negligent by working at all times in the course and scope of his/her employment by (a) failing to intervene under the circumstances and operating to abstain Plaintiff's rights; (b) failing to exercise proper lookout and attentiveness; (c) failing to exercise adequate control of said. . . ." (Id. at 4.) "The State did not reinforce the final determination of policy or course of action by identifying discrepancies made against the Plaintiff which were disparate, hostile or disobedience to the law." (Complaint at 24.)

  In an effort to assist plaintiff, who is proceeding pro se, this court provided, in its February 23, 2005 order, detailed instruction on how to state a prima facia case for relief under various causes of action plaintiff had attempted to raise in her earlier amended complaints. Despite this assistance, plaintiff has failed to identify the transaction or occurrence giving rise to her claims, set forth her prima facie cases or demonstrate she is entitled to relief. See Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff has again failed to specifically identify what happened, which defendant was responsible, and on what date the action occurred. Plaintiff often cited broad periods of time in which alleged violations occurred. For example, "During 1990 through 2005, the Defendants . . . were negligent. . . ." (Fifth Amended Complaint at 7.) "During November 2000 through March 2001, Marge Vincent was negligent. . . ." (Id. at 9.) "From April 1, 1988 through present, the Defendants (all), mentioned herein, have a duty to protect the plaintiff." (Id. at 12-13.) "During the period of January 1989 through present, the Plaintiff was subjected to institutionalized racism and sexism." (Id. at 14-15.) Plaintiff alleged the defendant State of California and Franchise Tax Board discriminated against plaintiff from 1990-2003. (Id. at 22.)

  While the fifth amended complaint arguably provides a sufficient case caption, demand for jury trial, prayer for relief, and signature, it still fails to set forth a statement of federal

---

been to file no opposition but to appear at oral argument to seek another opportunity. In court plaintiff's intellectual and verbal skills appear to be fully intact. Her courtroom demeanor is outstanding. However, she seems entirely incapable of submitting a written complaint which sets forth who did what to her and when.

jurisdiction as required by Rule 8(a)(1) or a short and plain statement of facts entitling plaintiff to relief as required by Rule 8(a)(2). These requirements were discussed at length in the court's prior orders dismissing plaintiff's complaints with leave to amend. Despite repeated instruction from the court, see Orders filed February 23, 2005, June 20, 2003 and January 23, 2003, plaintiff's fifth amended complaint does not contain a short and plain statement of the grounds upon which this court's jurisdiction depends, a short and plain statement of the claim showing that plaintiff is entitled to relief, or a demand for judgment for the relief plaintiff seeks. Fed. R. Civ. P. 8. Plaintiff's 256 page filing included a 37 page complaint and 219 pages of exhibits, and it is unclear how, and whether, the exhibits relate to the claims. (See Fifth Amended Complaint, filed March 22, 2005.) This pleading does not comply with Rule 8(a). See Washington v. Baenziger, 656 F.Supp. 1176, 1177 (N.D. Cal. 1987). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1982).

Moreover, taking plaintiff's current allegations as true, see Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976), and construing them in a light most favorable to her, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), it is apparent that she can prove no set of facts in support of the claim or claims that would entitle her to relief, see Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

As one example, plaintiff identifies the following actions:

(a) failing to intervene under the circumstances and operating to abstain plaintiff's rights;

(b) failing to exercise proper lookout and attentiveness;

(c) failing to exercise adequate control of said incident; and

1         (d) otherwise failing to exercise due and adequate care under the circumstances.
2 (Fifth Amended Complaint at 4, incorporated in various subsequent parts of the complaint).
3 These allegations do not state a claim that would entitle plaintiff to relief.

4         Given plaintiff's four failed attempts to amend her complaint, it is clear that the
5 deficiencies in plaintiff's fifth amended complaint cannot be cured by amendment.  See James v.
6 Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

7         In light of the above, it appears beyond doubt that plaintiff can prove no set of facts
8 in support of the claim or claims that would entitle her to relief.  Thus, this action should also be
9 dismissed for failure to state a claim.

10         IT IS HEREBY RECOMMENDED that this action be dismissed.

11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: July 14, 2005.

                                                              UNITED STATES MAGISTRATE JUDGE

/001; smith694.ftc